IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01456–NYW–MDB

JOSEPH PASTORE,

    Plaintiff,

v.

CSAA GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING MOTION TO AMEND

This matter is before the Court on the "Plaintiff's Motion to File an Amended Complaint." (["Motion"], Doc. No. 27.) Defendant has filed a response in opposition to the Motion, and Plaintiff has replied. (["Response"], Doc. No. 35; ["Reply"], Doc. No. 36.) For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Joseph Pastore brings this lawsuit against his automobile insurance provider, Defendant CSAA General Insurance Company, seeking to recover policy benefits for underinsured motorists' coverage, and asserting statutory bad faith claims, pursuant to §§ 10-3-1115 and 10-3-1116 of the Colorado Revised Statutes. (Doc. No. 4.) In the present Motion, Plaintiff asks for permission to amend his complaint to assert two additional claims for relief. (Doc. No. 27; *see* Doc. No. 27-1.) Plaintiff argues that he should be allowed to amend his

pleading, pursuant to Federal Rule of Civil Procedure 15(a)(2), because his attorney recently "found evidence to suggest" that Defendant "tortiously breached its contract of insurance and violated the Colorado Unfair Claims Settlement Practices Act." (Doc. No. 27 at 4-5.)

The proposed Amended Complaint, which is attached as an exhibit to Plaintiff's Motion, includes two new claims for relief, as well as allegations supporting those claims. (Doc. No. 27-1.) Specifically, in his proposed sixth cause of action, "Recovery of Underinsured Motorist (UIM) Benefits," Plaintiff alleges that Defendant breached the underlying insurance policy, by "failing to promptly, fully, and fairly conduct a reasonable investigation based on all available evidence;" by "failing to promptly, fully, and fairly evaluate Plaintiff's UIM claim based on all of the available information;" by "failing to provide a reasonable explanation, based on the insurance contract and the evidence, for its offers of compromise settlements;" by "forcing Plaintiff to file a lawsuit to recover fair and reasonable UIM benefits;" and by "failing to promptly pay the full and fair value of the Plaintiff's UIM claim after he provided extensive evidence to support is [sic] claim." (*Id.* at ¶¶ 45-51.) In his proposed seventh cause of action, "Common Law Tortious Bad Faith Breach of Contract," Plaintiff further alleges that Defendant's evaluation of his UIM claim "violated several provisions of Colorado's Unfair Claims Settlement Practices Act." (*Id.* at ¶¶ 52-61.) Plaintiff alleges that these statutory violations "provide[] valid, but not conclusive, evidence" of the insurer's bad faith. (*Id.* at ¶ 62.) No other substantive revisions are contained within the proposed Amended Complaint. (*Compare* Doc. No. 4, *with* Doc. No. 27-1.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2), which applies here,[1] provides that "[t]he court should freely give leave [to amend] when justice so requires." The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

## ANALYSIS

Defendant opposes Plaintiff's Motion, arguing that his request to amend is "untimely." (Doc. No. 35 at ¶ 1.) Specifically, Defendant contends that, contrary to Plaintiff's assertions regarding newly discovered evidence, the proposed Amended Complaint "contains either recycled allegations from the original Complaint and/or allegations based on information previously in the Plaintiff's possession[.]" (*Id.* at ¶¶ 2-3, 6.) According to Defendant, "the claims [] Plaintiff now

---

[1] Plaintiff sought leave to amend his complaint on November 7, 2022, the date by which amended pleadings were due. (Doc. No. 24.) Because Plaintiff's Motion was filed before the scheduling order deadline expired, he need only satisfy the Rule 15(a)(2) standard. *See Gorsuch, Ltd. V. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (holding that parties seeking to amend their complaints *after* the scheduling order deadline must establish "good cause" under Rule 16(b)(4), in addition to satisfying the Rule 15(a)(2) standard).

seeks to add to the litigation could have, and should have, been pled in the original Complaint." (*Id.* at ¶ 3.)

Untimeliness, or "undue delay," is a sufficient reason for denying leave to amend. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993); *see USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) ("[D]elay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party."). In determining whether a delay was "undue," the length of the delay, as well as the reason for its occurrence, are relevant. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006). Denial of a motion to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (quoting *Frank*, 3 F.3d at 1365-66). Further, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). A motion to amend may also be denied, as untimely, "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter*, 451 F.3d at 1206 (internal citations, quotation marks, and alterations omitted); *see Green Country Food Market, Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1279 (10th

4

Cir. 2004) ("The liberalized pleading rules do not permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case.").

Here, Defendant has failed to show that Plaintiff's Motion is the product of undue delay. This case was removed to federal court on June 10, 2022, and a Scheduling Order was entered on August 8, 2022. (Doc. No. 2; Doc. No. 19.) The deadline for amending pleadings was November 7, 2022. (Doc. No. 24.) Plaintiff sought leave to amend his complaint on that deadline date. (Doc. No. 27.) Discovery has only recently commenced, there are no dispositive motions pending, and no discovery deadlines have yet expired. The circumstances of this case do not suggest that Plaintiff, by seeking leave to amend at this stage of the proceedings, is purposefully "acting contrary to the spirit" of Rule 15. *Minter*, 541 F.3d at 1205; *see Energy Alchemy Sols., LLC v. SweetLife Co.*, No. 21-cv-00679-MEH, 2021 WL 5449067, at *3 (D. Colo. Nov. 22, 2021) (finding no undue delay, where the motion to amend was filed less than one month after the scheduling order was entered and within the deadline for amended pleadings); *Green v. Red Rock Ranch*, No. 18-cv-01122-WJM-KMT, 2019 WL 13036102, at *1 (D. Colo. Jan. 29, 2019) (finding no undue delay, where the motion to amend was filed on the date by which amended pleadings were due); *Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. 08-cv-00855-LTB, 2009 WL 1706446, at *1 (D. Colo. June 16, 2009) ("As Plaintiff filed its motion before expiration of the May 22, 2009[] deadline to amend pleadings—and as the discovery deadline does not expire until December 15, 2009—any contention that the motion is untimely or the result of undue delay is without merit.").

Defendant argues, nevertheless, that Plaintiff's request to amend is untimely, because Plaintiff's proposed additional claims are based on "the same facts and allegations" as his

existing claims. (Doc. No. 35 at ¶ 3.) However, in seeking leave to amend, Plaintiff states that his attorney only recently learned, through the exchange of initial disclosures during discovery, the full extent of Defendant's alleged misconduct. (Doc. No. 27 at 2.) Defendant questions whether Plaintiff's proposed additional claims are actually based on any "new" information, though it provides no evidence or specific argument to support that assertion. Further, Defendant does not appear to claim prejudice resulting from Plaintiff's requested amendment and the Court perceives none, particularly where, as here, discovery remains ongoing, and the relevant deadlines can be extended for good cause shown. Nor does Defendant make any arguments concerning bad faith, dilatory motive, or futility of amendment. Given these circumstances, the Court finds that leave to amend is appropriate here. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) The "Plaintiff's Motion to File an Amended Complaint" (Doc. No. 27) is **GRANTED**.

(2) Plaintiff is directed to file a clean copy of the Amended Complaint **on or before December 12, 2022**.

DATED: December 5, 2022.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

7